UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKI GIRON,

        Plaintiff,                         Case No. 2:16-cv-11803

v.                                  HONORABLE STEPHEN J. MURPHY, III

TYCO ELECTRONICS CORPORATION,

        Defendant.

_____/

**OPINION AND ORDER DENYING**
**DEFENDANTS' PARTIAL MOTION TO DISMISS** (document no. 8)

Plaintiff Vicki Giron sued Defendants Tyco Electronics Corporation and TE Connectivity, Ltd. under Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*, and for wrongful discharge in violation of public policy. Before the Court is Defendants' motion to dismiss the public policy claim. For the following reasons, the Court will deny the motion.

**BACKGROUND**

Giron worked as a project manager in Defendants' Troy, Michigan office from October 2012 until her termination on January 31, 2016. Compl. ¶¶ 8, 30, ECF No. 1. She alleges that she was terminated because of her gender. But she also claims her supervisor, Suraj Alva, directed her to "agree to discriminatory pricing practices, and specifically charging customers different prices for the same product." *Id.* ¶ 19. Giron thought that practice was illegal, or at least potentially illegal, and allegedly faced "hostility and threats by Alva" when she refused the directive. *Id.* ¶¶ 20–21. She claims that Defendants retaliated by terminating her employment after the refusal, and that the laws implicated by Alva's directives included Section 2(a) of the Clayton Act, as amended by the Robinson-Patman

Anti-Discrimination Act, 15 U.S.C. § 13(a). *Id.* ¶ 41. On September 12, 2016, TE Connectivity was dismissed from the case without prejudice. *See* Stip. Order, ECF No. 13.

## STANDARD OF REVIEW

Civil Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court may only grant a Civil Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the Court must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendants argue that the public policy claim should be dismissed because it contains neither the requisite elements nor sufficient facts. Mot. Dism. 1, ECF No. 8. The Court disagrees.

In Michigan, at-will employees generally can be terminated at any time for any reason, except on grounds that violate public policy. *Morrison v. B. Braun Med. Inc.*, 663 F.3d 251, 256 (6th Cir. 2011). A wrongful termination cause of action is implied when the alleged reason for termination was the employee's failure or refusal to violate a law in the course of their employment. *Id.* To state a plausible claim, a plaintiff need not show that the

employer directed her to violate the law. *Id.* at 257. But she "may not simply cite any and all laws [s]he alleges were violated by h[er] employer's misconduct to support a public policy wrongful discharge claim." *Shaughnessy v. Interpublic Grp. of Cos., Inc.*, 506 F. App'x 369, 377 (6th Cir. 2012). She must allege sufficient facts that create a "nexus between the laws and regulations and h[er] own termination" for "exercising a right guaranteed by law, executing a duty required by law, or refraining from violating the law." *Id.* (quotation omitted).

Accepting the facts as true and construing them in a light most favorable to the plaintiff, Giron's allegations raise her right to relief above the speculative level, and put Defendants on notice as to her claim by creating a nexus between the laws violated and her termination. In her complaint, she alleges that (1) Alva directed her to charge customers different prices for the same product, (2) she refused the directive because she thought the practice was (or at least could be) illegal under laws including Section 2(a) of the Clayton Act, (3) Alva responded with hostility and threats, and (4) Defendants terminated her due, in part, to the refusal. *See* Compl. ¶¶ 19–22, 30, 41–42, ECF No. 1.

Defendants argue that the complaint lacks facts detailing the incident, including the date and time of the directive, the names of the companies allegedly subject to different prices, the nature of the sale and the products sold, the reasons Giron gave to Alva explaining her refusal, a description of Alva's threats to Giron after she refused the directive, and the time elapsed between Alva's threats and Giron's termination. Mot. Dism. 9, ECF No. 8. Their argument is correct, but the facts will likely come out during discovery, and need not be alleged at this early stage for Giron's claim to be plausible on its face.

Defendants also argue that Giron's pleadings must provide proof that a violation of

law occurred, or at least allege enough specific facts to show that the elements of the Clayton Act were met by corresponding facts. *Id.* at 4–7. But that is incorrect. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013) ("[I]f a plaintiff's claim is plausible, the availability of other explanations—even more likely explanations—does not bar the door to discovery."). Whether Giron's actions in response to Avla's directive would not have violated the Clayton Act will be determined during discovery of facts in the case. *See, e.g.*, *Kendall v. Integrated Interiors, Inc.*, No. 283494, 2009 WL 3321515, at *2–7 (Mich. Ct. App. Oct. 15, 2009). And if they did not, Defendants may very well make a successful motion for summary judgment. But at this point, she need only allege facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). She has done that.

Finally, Defendants' cite *Shaughnessy* to argue that Giron alleges insufficient facts for the Court to draw an inference of causation. Mot. Dism. 7–9, ECF No. 8. But in *Shaughnessy*, the district court's dismissal was upheld because the plaintiff's complaint "never specified the theory or theories supporting his public policy discharge claim," "never asserted any facts to support the notion that he was discharged either because he 'fail[ed] or refus[ed]" to violate the allegedly implicated laws, and "provided no allegations to indicate that Defendant either asked him to violate those specific laws or retaliated against him after he refused to violate those laws." *Shaughnessy*, 506 F. App'x at 376–77. Here, Giron's chronology of events — taken as true for the purposes of this motion — supports an inference of causation sufficient to state a valid public policy tort claim: she claims Alva directed her to do something that she believed violated (or possibly could have violated) the Clayton Act, Alva reacted to the refusal with "hostility and threats," and she was

terminated, at least in part, because of the refusal. At the present point in litigation, the allegations are sufficient. Accordingly, the Court will deny Defendants' motion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Partial Motion to Dismiss (ECF No. 8) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 22, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 22, 2016, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager